UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.   4:19 CR 816 SNLJ |
| | ) |
| JOHNNY HAYNES, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING MOTION TO RECONSIDER BOND**

This matter is before the Court on Defendant's Motion to Reconsider Bond Determination and for Immediate Release, which was accompanied by a lengthy memorandum in support.  (ECF Nos. 33, 34)   The government opposes the motion.  (ECF No. 34)   Pretrial Services has filed a Supplemental Report recommending that Defendant remained detained.  (ECF No. 35)   The motion has been referred to the undersigned for disposition.

**I.**     **Background**

On October 3, 2019, the Grand Jury charged Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).   Defendant was arrested and had his initial appearance on December 23, 2019.   On December 27, 2019, the undersigned held a hearing on the government's motion for pretrial detention.   Defendant was present with counsel and the government was represented by an Assistant U.S. Attorney.   Prior to the hearing, Defendant and his attorney were provided a Pretrial Services Bail Report, which recommended that Defendant be detained pending trial for several reasons.  (ECF No. 11)   Following a contested hearing, the undersigned issued a written Order of Detention.  (ECF No. 16)   Defendant was ordered detained on the basis of his danger to the community.

On January 29, 2020, Defendant filed a Motion to Reconsider Order of Detention.   (ECF No. 22)   Defendant's Motion to Reconsider was accompanied by a letter of support from Senior Pastor Donald Ray McNeal, Hopewell Missionary Baptist Church.  (ECF No. 22-1_   On

February 18, 2020, the undersigned held a hearing on Defendant's Motion to Reconsider. Defendant was present with his attorney and the government was represented by an Assistant United States Attorney. Defendant submitted another letter of support. At the conclusion of the hearing, the undersigned Denied Defendant's Motion to Reconsider. (ECF No. 29)

## II.     Pending Motion

On April 9, 2020, Defendant filed the instant motion. Defendant's motion rests on concerns associated with the ongoing COVID-19 pandemic. Defendant indicates that he is currently being held in the St. Louis City Justice Center. Defendant contends that his situation places him within a category of people "most-at-risk" for contracting COVID-19. Defendant also represents that he suffers from Crohn's disease, which places him personally at a heightened risk of complications should he contracts COVID-19. Defendant asks the Court to grant him temporary release, pursuant to 18 U.S.C. § 3142(i). Defendant also asks the Court to consider that the public health crisis has disrupted the attorney-client relationship because it impairs his ability to communicate with his attorney.

The government's response raises three arguments in opposition to Defendant's motion. First, the government argues that Defendant's concerns regarding COVID-19 do not justify reopening the detention hearing pursuant to 18 U.S.C. § 3142(f) because those concerns do not have a "material bearing" on the issue of whether there are conditions available to reasonably assure Defendant's appearance and the safety of the community. Second, the government argues that Defendant has not met his burden of showing that there is a "compelling" reason sufficient to warrant his temporary release pursuant to § 3142(i). Finally, the government argues that releasing this Defendant in the current circumstances would unduly burden the court and Pretrial Services.

On April 13, 2020, Pretrial Services has issued a supplemental addendum to the Bail Report in consideration of Defendant's motion. Pretrial Services recommends that Defendant remain detained. Pretrial Services suggests that Defendant is not amenable to supervision. Pretrial Services notes that Defendant was on bond in 2019 on a firearms offense when he was charged with the instant federal firearms offense.

**III.     Discussion**

Although Defendant's motion rests only on 18 U.S.C. § 3142(i) of the Bail Reform Act, the undersigned is also considering the matter pursuant to 18 U.S.C. § 3142(f).

Section 3142(f) permits a court to reopen a detention hearing and consider information "not known to the movant at the time of the hearing and that has a <u>material bearing</u> on the issue of whether there are conditions of release that will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community."  (Emphasis supplied).

Section 3142(i) allows a judge, "by subsequent order, [to] permit the <u>temporary release</u> of [a defendant], in the custody of the United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for <u>another compelling reason</u>."  (Emphasis supplied).  Defendant bears the burden of establishing circumstances warranting release under § 3142(i).  See <u>United States v. Buswell</u>, No. 11-CR-198-01, 2013 WL 210899 at * 3 (W.D. La. Jan. 18, 2013).  Prior to the present pandemic situation, it appears that the courts used § 3142(i) "sparingly to permit a defendant's release where, for example, [the defendant] is suffering from a terminal illness or serious injuries."  <u>United States v. Hamilton</u>, No. 19-cr-54-01 (NGG), 2020 WL 1323036 at *2 (E.D.N.Y. Mar. 20, 2020).

As courts continue to grapple with motions seeking temporary release under § 3142(i), some factors have emerged.  In <u>United States v. Clark</u>, No. 19-40068-01-HLT, 2020 WL 1446895 (D. Kan. Mar. 25, 2020) reviewed recent cases and outlined the following four factors to consider in determining whether a defendant has met the burden of showing "compelling reasons" under § 3142(i):

> (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.  The court will not necessarily weigh these

3

factors equally, but will consider them as a whole to help guide the court's determination as to whether a "compelling reason" exists such that temporary release is "necessary."

Id. at *2-3.  The undersigned finds these factors useful, but also considers them to be non-exclusive to any other relevant facts and circumstances.  Finally, in addressing Defendant's motion, the undersigned must make a case-by-case or individualized assessment.  See United States v. Rush, 2017 WL 6541436 at *4 (E.D. Mo. Dec. 1, 2017); see also 18 U.S.C. § 3142(g).

Defendant's motion will be granted.  The COVID-19 pandemic is serious and unprecedented, and the health risks faced by all pretrial detainees, including Defendant, are equally serious of the utmost concern to the Court.  Defendant has raised concerns that he is at a heightened risk due to being held in a jail facility and that, should he contract the Coronavirus, he personally faces an enhanced risk due to a health issue.[1]

Defendant's request for temporary release pursuant to § 3142(i) does not directly confront the original basis for his detention in this matter.  Regarding his COVID-19 concerns, Defendant has raised a specific and substantial concern and his proposed release would not appear to exacerbate the risk to Defendant or others.

On April 16, 2029, the undersigned telephonically conducted an in-chambers conference with the attorneys and Pretrial Services Officer Shae Rucker.  At that conference, the undersigned advised the parties that, in the process of considering the pending motion, the undersigned determined that the Court had likely erred in denying Defendant's earlier-filed motion to reconsider.  Stated differently, there are reasonable conditions of release that could be considered that would permit this specific Defendant's pretrial release.  The undersigned has reviewed the underlying facts and there are no facts or circumstances before the Court that Defendant was involved in any acts of violence related to his gun possession in 2019.  This is not to say that his

---

[1] Defendant's health issue is documented in the initial Bail Report prepared in this case. (See ECF No. 11 at 2-3)

possession of a firearm while on bond is not a serious offense.  But it is also important that Defendant has a great deal of family and community support, and it had been more than ten years since his prior serious offenses.   Accordingly, the current pandemic conditions, coupled with the very specific facts and circumstances of this case, including that there is no information before the Court to suggest that this Defendant poses a threat to any person in the community and there is no identified victim, leads the undersigned to conclude that Defendant can be released on strict conditions without posing a danger to the community.

At the telephone conference, the undersigned advised the parties that Defendant would only be released if he could live with a reliable third-party custodian.  Defendant would also be required to participate in home incarceration with whatever form of verification pretrial services may deem appropriate.  Defense counsel represented that Defendant has a third-party custodian available and that counsel would be able to secure a suitable declaration from counsel to be filed with the Court.  The government's attorney indicated that the government had no objections and did not want the Court to hold this order in abeyance so that the government could seek further review.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider Bond Determination and for Immediate Release [ECF No. 33] is granted.

**IT IS FURTHER ORDERED** that Defendant shall have a bond execution hearing on Friday, April 17, 2020, at 2:00 p.m., before the Honorable Shirley P. Mensah, U.S. Magistrate Judge, who will be holding Court in Courtroom 3N.  Defendant will appear by video conference as designated by the U.S. Marshals Service.  Defense counsel is required to notify Judge Mensah how counsel intends to appear telephonically on behalf of Defendant.

**IT IS FURTHER ORDERED** that, prior to any bond execution hearing, Defendant must file a suitable declaration from Defendant's third-party custodian.

**IT IS FURTHER ORDERED** that Defendant will be released on his own recognizance, subject to additional, non-financial conditions of release that will be addressed at the bond execution hearing.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this  16th  day of April, 2020.